# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

NEKISHA MARSHALL; JOHN MILLER;
NEKISHA MARSHALL AND JOHN
MILLER AS GUARDIANS AND NEXT OF
KIN OF ADA MARSHALL; and NEKISHA
MARSHALL AND JOHN MILLER AS
GUARDIAN AND NEXT OF KIN OF MAIA
MILLER

          Plaintiff(s),

v.

AGUSTIN LAZO-GARCIA, LUISA EMILIA
DIAZ HERNANDEZ; and XYZ
CORPORATIONS (1-3), ABC
CORPORATIONS (1-3)

          Defendant(s).

CIVIL ACTION
FILE NO.: _____

**JURY TRIAL DEMANDED**

**COMPLAINT**

COMES NOW Nekisha Marshall, John Miller, Nekisha Marshall and John Miller as
Guardian and Next of Kin of Ada Marshal and Nekisha Marshall and John Miller as Guardian

- 1 -

and Next of Kin of Maia Miller, plaintiffs, and makes and files this complaint against defendants Juan Rangel (herein after "Rangel") as follows:

## PARTIES AND JURISDICTION

1.

Nekisha Marshall, John Miller, Nekisha Marshall and John Miller as Guardian and Next of Kin of Ada Marshal and Nekisha Marshall and John Miller as Guardian and Next of Kin of Maia Miller reside in Georgia and are subject to the jurisdiction of this court.

2.

Defendant Agustin Lazo-Garcia (hereinafter "Lazo-Garcia") is an undocumented immigrant and resident of Texas and does regular and continuous business in Georgia. Defendant Lazo-Garcia is the co-registered owner of the subject vehicle, a 2012 Dodge Ram, VIN IC6RDLT6CS24580. Said vehicle was being operated for commercial purposes while in the State of Georgia. At the time of the complained of incident, said Defendant was using the roadways of Georgia. Defendant is currently being detained at Stewart Detention Center under the authority of U.S. Immigration and Customs Enforcement (hereinafter "ICE") and can be served at 146 Cca Rd, Lumpkin, GA 31815.

3.

The true names or capacities of Defendants named herein as ABC Corporations (1-3) and XYZ Corporations (1-3) are unknown corporations, that may be liable to Plaintiffs due to the actions of Defendant Lazo-Garcia. Therefore, Plaintiffs sues these Defendants by their fictitious names. Plaintiff will further amend their Complaint to show the true names of Defendants when their names have been ascertained. Plaintiff alleges on information and belief that these Defendants may in some manner be responsible for the acts or omissions alleged herein.

4.

Defendant Luisa Emilia Diaz Hernandez (hereinafter "Hernandez") is a citizen and resident of Texas and does regular and continuous business in Georgia. Defendant may be served at 12431 Shepherds Way, Houston, Texas 77066. Defendant Hernandez is the co-registered owner of the subject vehicle, a 2012 Dodge Ram, VIN IC6RDLT6CS24580 (hereinafter "subject vehicle"). Said vehicle was being operated for commercial purposes while in the State of

Georgia. At the time of the complained of incident, said Defendant was using the roadways of Georgia.

5.

Jurisdiction and venue are proper against these Defendants in this Court. Personal jurisdictional statutes which apply include O.C.G.A. §§9-10-33, 9-10-90, 9-10-91, and 40-12-1(a). Additionally, this Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1332. Venue is proper pursuant to 28 U.S.C. §1391(a), (2).23

## BACKGROUND

6.

On or about July 25, 2022, plaintiffs were traveling west bound on Georgia 402 in the right lane approaching the Seven Island Road, Buckhead, Georgia in a Hyundai Elantra.

7.

Defendant Lazo-Garcia, an undocumented immigrant and co-registered owner of the subject vehicle, was traveling in the same lane of travel as the Plaintiffs directly behind them without any headlights on or deployed.

8.

Defendant Lazo-Garcia, without warning or due regard, violently slammed into the back of the Plaintiffs' vehicle.

9.

Defendant Lazo-Garcia, after colliding with the vehicle Plaintiffs were traveling in, left the scene of the accident without checking on the welfare of the Plaintiffs and without providing his driver's license information or insurance information.

10.

Defendant Lazo-Garcia was eventually stopped by the Madison Police Department and charged with Driving under the influence, Hit and Run, driving too fast for conditions and following too closely by the Morgan County Sheriff's Office.

11.

Defendant Hernandez, at all times relevant to this action, is the Co-registered owner and maintains insurance of the subject vehicle.

12.

As a result of the collision, plaintiff suffered injuries to his back and neck.

- 3 -

## COUNT I

## NEGLIGENCE OF DEFENDANT LAZO- GARCIA

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 12 above as if fully restated and further alleges:

13.

That on July 25, 2022, Defendant Lazo-Garcia had a duty to drive the subject vehicle in a safe and responsible.

14.

Defendant Lazo-Garcia breached that duty owed to the Plaintiffs by driving the subject vehicle while Driving under the influence, leaving the scene of the accident, driving too fast for conditions and following to close.

15.

As a direct and proximate result of Defendant Lazo-Garcia's negligence, Plaintiffs suffered and will continue to suffer from personal injuries, emotional and mental distress and incurred medical expenses as described in this Complaint. Plaintiffs are entitled to recover the damages described in these paragraphs and all other damages allowed under Georgia law.

## COUNT II

## VICARIOUS LIABILITY OF DEFENDANT HERNANDEZ

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 15 above as if fully restated and further alleges:

16.

Defendant, Hernandez, is vicariously liable for Defendant, Lazo-Garcia's, negligent driving actions pursuant to the family purpose doctrine.

17.

At all times hereto, Defendant, Lazo-Garcia, operated and/or maintained Defendant, Hernandez's vehicle with her consent.

18.

- 4 -

Defendant Hernandez, a family member of Defendant Lazo-Garcia, allowed him to drive her vehicle; therefore, Defendant Hernandez is liable for the negligent acts of Defendant Lazo-Garcia.

## COUNT III
## NEGLIGENCE ENTRUSTMENT

19.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 18 above as if fully restated.

20.

Defendant Hernandez was negligent in the following manner:

21.

On July 25th, 2022, Defendant Hernandez, owned, controlled, or had custody of the motor vehicle described as 2012 Dodge Ram, VIN IC6RDLT6CS24580 bearing the Texas license plate No. RPZ9366.

22.

On July 25th, 2022, the Defendant Hernandez did place or entrust the operation and control of the motor vehicle to Defendant Lazo-Garcia.

23.

As a result of Defendant's negligence, Plaintiffs suffered multiple injuries upon their person.

24.

Defendant's negligence is the sole and proximate cause of Plaintiffs' injuries and property damage.

## COUNT VII
## PUNITIVE DAMAGES

25.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 24 above as if fully restated.

26

The actions of Defendants warrant the imposition of punitive damages, pursuant to the provisions of O.C.G.A. § 51-12-5.1, in that his conduct shows willful misconduct, malice, wantonness, oppression, or that entire want of care which would raise the presumption of a conscious indifference to the consequences.

27.

As a result of the actions of Defendants, Plaintiff is entitled to recover punitive damages from Defendants. Plaintiff also requests that the Punitive Damages Cap be waived pursuant to O.C.G.A. § 51-12-5.1(f) where if it is found that the defendant acted, or failed to act, with the specific intent to cause harm……. there shall be no limitation regarding the amount which may be awarded as punitive damages against an active tort-feasor, but such damages shall not be the liability of any defendant other than an active tort-feasor.

## COUNT VIII
## ATTORNEY'S FEES

28.

Plaintiff realleges and incorporates herein the allegations contained m paragraphs 1 through 27 above as if fully restated.

29.

Pursuant to state law, Plaintiff is entitled to an award of reasonable attorneys' fees and costs of litigation.

## COUNT IX
## DAMAGES.

30.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 29 above as if fully restated.

31.

As a result of Defendants' unreasonable and unlawful conduct, Plaintiff has incurred mental and physical pain and suffering and will continue to experience pain and suffering in the future.

**WHEREFORE**, Plaintiffs prays that they have a trial on all issues and judgment against defendant as follows:

(a)     That Plaintiffs recover the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;

(b)     That Plaintiffs recover for mental and physical pain and suffering and emotional distress in an amount to be determined by the enlightened conscience of the jury;

(c)     That Plaintiffs be awarded damages, general and special, actual or nominal, in an amount to be determined at trial;;

(d)     That Plaintiffs recover such other and further relief as is just and proper; and

(e)     That all issues be tried before a jury.

This 11th day of August 2022.


By:    /s/ Pierre L. Ifill, Esq
**Pierre L. Ifill, Esq.**
Georgia Bar No. 236187
*Attorney for Plaintiffs*

The Ifill Law Group, LLC
4751 Best Rd Ste. 173
Atlanta, GA 30337
Phone: (678) 653-8966
Fax: (404) 855-4131
E-mail:  Pifill@theifilllawgroup.com